UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS SHANLEY, | No. 2:23-cv-02608-DC-JDP |
| Plaintiff, | |
| v. | ORDER REQUIRING THE PARTIES TO FILE SUPPLEMENTAL BRIEFING |
| TRACY LOGISTICS LLC, et al. | |
| Defendants. | |

This matter is before the court on Plaintiff's motion to remand this declaratory relief action to the San Joaquin County Superior Court. (Doc. No. 9). The pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 11.) For the reasons explained below, the court will order the parties to file supplemental briefing.

On September 21, 2023, Plaintiff filed the complaint initiating this declaratory action against his employer Defendants Tracy Logistics LLC ("Tracy"), Stockton Logistics LLC, Fresno Logistics LLC, Sacramento Logistics, LLC, C&S Wholesale Grocers, LLC formerly C&S Wholesale Grocers Inc., C&S Logistics of Sacramento/Tracy LLC, and C&S Logistics of Fresno LLC ("Declaratory Relief Action"). (Doc. No. 1-1 at ¶¶ 8–14, 22.) Therein, Plaintiff seeks a declaration that the Mutual Voluntary Arbitration Agreement ("Tracy MVAA") he purportedly signed is not a valid or enforceable agreement. (*Id.* at ¶ 21, 38.) In the event the court were to find the Tracy MVAA valid and enforceable, then Plaintiff seeks a declaration that his claims brought

1

1  under California's Private Attorneys General Act ("PAGA") cannot be compelled to arbitration.
2  (*Id.* at ¶ 39.) If, however, the court finds Plaintiff can be compelled to arbitrate his PAGA claims,
3  then Plaintiff seeks a declaration that the arbitrator does not have the authority to determine that
4  Plaintiff was not employed by any of the Defendants other than Defendant Tracy and that he did
5  not suffer any wage and hour violations during his employment. (*Id.* at ¶ 40.) Plaintiff further
6  seeks a declaration that Defendants may not seek declaratory relief on elements of accrued causes
7  of action belonging to him. (*Id.* at ¶ 41.)
8        Notably, on the same day that Plaintiff filed the Declaratory Relief Action, Plaintiff also
9  filed a separate lawsuit in San Joaquin County Superior Court against the same defendants
10 alleging a single cause of action under PAGA, predicated on alleged violations of several wage
11 and hour laws. *See Shanley v. Tracy Logistics LLC, et al.*, 2:23-cv-02586-DC-JDP (E.D. Cal.)
12 (the "PAGA Action").
13       Defendants removed both the Declaratory Relief Action and the PAGA Action to this
14 court on November 8, 2023. (Doc. No. 1.) Several months later, on April 3, 2024, Plaintiff filed a
15 third action against the same defendants, this time a putative class action in this court, in which he
16 brings seven claims for certain wage and hour violations, as well as a claim of violation of
17 California's Unfair Competition Law. *Shanley v. Tracy Logistics LLC, et al.*, 2:24-cv-01011-DC-
18 JDP (E.D. Cal. Apr. 3, 2024) ("Class Action").
19       In the PAGA Action, on October 31, 2024, the court denied Plaintiff's motion to remand
20 because the court found it has jurisdiction over Plaintiff's PAGA claim. (Doc. No. 36.) In a joint
21 status report filed by the parties on November 22, 2024, Defendants state their intention to file a
22 motion to compel arbitration of Plaintiff's individual PAGA claim. (Doc. No. 37 at 4.)
23       In the Class Action, on January 2, 2025, the court issued an order granting in part and
24 denying in part Defendants' motion to compel arbitration of Plaintiff's individual claims. (Doc.
25 No. 36.) Importantly, in that order, the court found another agreement that Plaintiff signed, the
26 mutual arbitration agreement regarding wage and hour claims ("C&S MAA"), to be enforceable.
27 (*Id.* at 12–15.) The court also noted that the Class Action and the Declaratory Relief Action both
28 "center around alleged violations of California's wage and hour laws—the types of claims that

2

are covered by both arbitration agreements [the C&S MAA and the Tracy MVAA]." (*Id.* at 2, n. 1.)

Because both the PAGA Action and the Class Action are already before the court, it appears there may not be "a case of actual controversy" in the Declaratory Relief Action, as required for relief under the Declaratory Judgment Act.[1] The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . ." 28 U.S.C. § 2201(a). A declaratory judgment action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994); *see Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151. 1157 (9th Cir. 2007) ("When presented with a claim for a declaratory judgment, [] federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion.") (citing *Pub. Serv. Comm'n v. Wycoff, Co.*, 344 U.S. 237, 244 (1952)). An "actual controversy" exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medlmmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Here, Plaintiff alleges actual controversies exist between him and Defendants with regard to the following questions: (1) whether a written agreement to arbitrate even exists; (2) whether the Tracy MVAA he purportedly signed is valid and enforceable; (3) whether an arbitrator has jurisdiction to hear claims under PAGA; and (4) whether an arbitrator has the authority to determine that Plaintiff was not employed by any of the Defendants other than Defendant Tracy and that he did not suffer any wage and hour violations during his employment. (Doc. No. 1-1 at ¶¶ 34–37.) However, these questions are ostensibly already before the court in both the PAGA

---

[1] The apparent lack of an actual controversy in this Declaratory Relief Action also impacts Plaintiff's motion to remand, which primarily challenges whether Defendants have met their burden to show that the amount *in controversy* exceeds $75,000. (*See* Doc. No. 9-1 at 5) (emphasis added).

3

1  Action and the Class Action. In fact, the court has already determined in the Class Action that a
2  written agreement to arbitrate some of Plaintiff's individual causes of action for violations of
3  California's wage and hour laws already exists. (Doc. No. 36.) Thus, there is no "sufficient
4  immediacy" to warrant declaratory relief to clarify the rights and legal relations of the parties;
5  indeed, Plaintiff's alleged actual controversies are presently before the court. *See Societe de*
6  *Conditionnement en Aluminum v. Hunter Eng'g Co., Inc.*, 655 F.2d 938, 948 (9th Cir. 1981)
7  (noting a declaratory relief action "brings to the present a litigable controversy, which otherwise
8  might only be tried in the future"); *cf. Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707
9  (N.D. Cal. 2009) (finding "[a] claim for declaratory relief is unnecessary where an adequate
10 remedy exists under some other cause of action"). For these reasons, it appears there is not a case
11 of actual controversy presented in the Declaratory Relief Action that is separate and apart from
12 the already pending PAGA Action and Class Action.
13       Even if there is an actual case or controversy within the court's jurisdiction in the
14 Declaratory Relief Action, it would appear to the court that exercising its discretion and
15 entertaining this action would not be appropriate.  When a declaratory judgment action "passes
16 constitutional and statutory muster, the district court must also be satisfied that entertaining the
17 action is appropriate." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). This
18 determination is discretionary, for the Declaratory Judgment Act is "deliberately cast in terms of
19 permissive, rather than mandatory authority."  *Id*. (citing *Wycoff, Co.*, 344 U.S. at 250).
20       In assessing whether to exercise its discretion to entertain a declaratory relief action,
21 district courts apply the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). *See*
22 *Kearns*, 15 F.3d at 144 (noting that in *Brillhart*, "[t]he Supreme Court has provided guidance for
23 the exercise of the district court's discretionary decision whether to entertain declaratory relief").
24 The factors to be considered by district courts include: (1) avoiding needless determination of
25 state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum
26 shopping; and (3) avoiding duplicative litigation. *Dizol*, 133 F.3d at 1225. Further, "the *Brillhart*
27 factors are non-exhaustive" and courts may also consider whether the declaratory action (a) will
28 settle all aspects of the controversy, (b) will serve "a useful purpose in clarifying the legal

relations at issue," (c) will result in "entanglement between the federal and state court systems," or (d) "is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage.'" *Dizol*, 133 F.3d at 1225, n. 5) (citing *Kearns*, 15 F.3d at 145). In essence, the district court "must balance concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991).

Here, guided by the *Brillhart* factors and concerns of judicial administration, comity, and fairness to the litigants, the court questions whether it is appropriate to entertain this declaratory action. The court has already found in the PAGA Action that the court has original and/or supplemental jurisdiction over Plaintiff's PAGA claim. (PAGA Action, Doc. No. 36.) Because the court has jurisdiction over the parties' dispute in that case, the crux of Plaintiff's request for declaratory relief—the enforceability of the the Tracy MVAA—will inevitably be addressed by this court when ruling on Defendants' anticipated motion to compel arbitration of Plaintiff's individual PAGA claim. *See Mc-Graw-Edison Co.*, 362 F.2d 339, 343 (9th Cir. 1996) (finding declaratory relief does not serve a useful purpose when "it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein . . ."). Further, there is significant potential for duplicative and piecemeal litigation if Plaintiff's motion to remand the Declaratory Relief Action is granted, because both this federal court (in the PAGA Action) and the state court (in the Declaratory Relief Action) would be evaluating the enforceability of the same arbitration agreement. *See Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988) ("Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.").

For these reasons, the court will order the parties to file supplemental briefing addressing the appropriateness of maintaining this separate Declaratory Relief Action in light of the court's rulings in the PAGA Action and the Class Action. In the alternative, if upon consideration Plaintiff no longer wishes to pursue his Declaratory Relief Action, then Plaintiff shall file a notice of dismissal of this action.

/////

Accordingly,

1. Within twenty-one (21) days from the date of entry of this order, the parties shall provide supplemental briefing addressing the court's concerns regarding this declaratory relief action; and

2. In the alternative, twenty-one (21) days from the date of entry of this order, Plaintiff shall file a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **March 3, 2025**

Dena Coggins
United States District Judge