UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVIS SHANLEY,

Plaintiff,

v.

TRACY LOGISTICS LLC, et al.

Defendants.

No. 2:23-cv-02608-DC-JDP

ORDER DISMISSING COMPLAINT AND DENYING MOTION TO REMAND AS MOOT

(Doc. No. 9)

This matter is before the court on Plaintiff Travis Shanley's complaint seeking declaratory relief and his motion to remand. (Doc. Nos. 1-1; 9.) For the reasons explained below, the court will dismiss Plaintiff's complaint for lack of subject matter jurisdiction and deny his motion to remand as having been rendered moot.

**BACKGROUND**

On or about August 29, 2023, Defendants Tracy Logistics LLC ("Tracy"), Stockton Logistics LLC, Fresno Logistics LLC, Sacramento Logistics, LLC, C&S Wholesale Grocers, LLC formerly C&S Wholesale Grocers Inc., C&S Logistics of Sacramento/Tracy LLC, and C&S Logistics of Fresno LLC ("Defendants") filed a demand for arbitration with JAMS seeking a determination "that Plaintiff was not an aggrieved employee." (Doc. No. 1-1 at ¶ 24.) As part of their demand, Defendants relied on a Mutual Voluntary Arbitration Agreement ("Tracy MVAA") that Plaintiff purportedly signed. (*Id.*) On September 12, 2023, Plaintiff notified JAMS that he

would be contesting JAMS's jurisdiction and that he would be seeking a judicial determination of the parties' rights. (*Id.* at ¶ 25.) In response to Plaintiff's notification, JAMS agreed to stay the arbitration. (Doc. No. 32-1 at ¶ 6.)

On September 21, 2023, Plaintiff filed the complaint initiating this declaratory action against Defendants in the San Joaquin County Superior Court ("the Declaratory Relief Action"), seeking a declaration that the Tracy MVAA he purportedly signed is not a valid or enforceable agreement. (Doc. No. 1-1 at ¶ 21, 38.) In the alternative, in the event the court finds the Tracy MVAA valid and enforceable, Plaintiff seeks a declaration that his claims brought under California's Private Attorneys General Act ("PAGA") cannot be compelled to arbitration. (*Id.* at ¶ 39.) If, however, the court finds Plaintiff can be compelled to arbitrate his PAGA claims, then Plaintiff seeks a declaration that the arbitrator does not have the authority to determine that Plaintiff was not employed by any of the Defendants other than Defendant Tracy, and that he did not suffer any wage and hour violations during his employment. (*Id.* at ¶ 40.)

Significantly, on the same day Plaintiff filed the Declaratory Relief Action, Plaintiff also filed a separate lawsuit in San Joaquin County Superior Court against the same defendants, alleging a single claim under PAGA, predicated on alleged violations of several wage and hour laws. *See Shanley v. Tracy Logistics LLC, et al.*, 2:23-cv-02586-DC-JDP (E.D. Cal.) ("the PAGA Action").

Defendants removed both the Declaratory Relief Action and the PAGA Action to this court on November 8, 2023. (Doc. No. 1.) On April 3, 2024, Plaintiff filed a third action against the same defendants, this time a putative class action in this court, in which he brings seven claims for certain wage and hour violations, as well as a claim of violation of California's Unfair Competition Law. *Shanley v. Tracy Logistics LLC, et al.*, 2:24-cv-01011-DC-JDP (E.D. Cal. Apr. 3, 2024) ("the Class Action"). Approximately seven months later, on July 24, 2024, Plaintiff filed a first amended complaint in the Class Action that, among other things, amended his original complaint to remove Stockton Logistics LLC, Fresno Logistics LLC, C&S Logistics of Sacramento/Tracy LLC, and C&S Logistics of Fresno LLC as defendants. (Doc. No. 25.)

On July 12, 2024, Defendants Tracy, Sacramento Logistics, LLC, and C&S Wholesale

Grocers, LLC filed a motion to compel arbitration of Plaintiff's individual claims in the Class Action. (Doc. No. 20.) The court granted in part and denied in part the motion to compel arbitration on January 2, 2025, and ordered Plaintiff to submit several of his individual claims against Defendants to arbitration.[1] (Doc. No. 36.) Importantly, in that order, the court found another agreement that Plaintiff signed, the mutual arbitration agreement regarding wage and hour claims ("C&S MAA"), to be enforceable. (*Id.* at 12–15.) The court also noted that the Class Action and the Declaratory Relief Action both "center around alleged violations of California's wage and hour laws—the types of claims that are covered by both arbitration agreements [the C&S MAA and the Tracy MVAA]." (*Id.* at 2, n. 1.)

In the Declaratory Relief Action, on March 4, 2025, the court questioned whether there was "a case of actual controversy presented in the Declaratory Relief Action that is separate and apart from the already pending PAGA Action and Class Action." (Doc. No. 31 at 4.) The court emphasized that Plaintiff's alleged controversies were "ostensibly already before the court in both the PAGA Action and the Class Action" and there was no "'sufficient immediacy' to warrant declaratory relief." (*Id.* at 3–4.) Because of this concern, the court ordered "the parties to file supplemental briefing addressing the appropriateness of maintaining this separate Declaratory Relief Action in light of the court's rulings in the PAGA Action and the Class Action." (*Id.* at 5.)

On March 25, 2025, Plaintiff filed a supplemental brief asserting an actual controversy still exists between the parties in the Declaratory Relief Action because the arbitration proceedings that Defendant initiated in August 2023 remain pending. (Doc. No. 32 at 2–3.) Plaintiff also argued the court should maintain the Declaratory Relief Action because the court only compelled arbitration in the Class Action based on the C&S MAA—just one of the two arbitration agreements at issue. (Doc. No. 32 at 3.) Further, Plaintiff noted the Declaratory Relief Action should not be dismissed because the action "involves significantly more defendants than

---

[1] In its order granting Defendants' motion to compel arbitration of Plaintiff's individual claims, the court ordered the following claims to arbitration: (1) failure to reimburse expenses; (2) failure to pay accurate wage statements; (3) failure to pay all wages due upon termination; (4) failure to comply with California quota laws; and (5) violation of the unfair competition law. (Doc. No. 36 at 14.)

are in the operative pleadings in the PAGA and Class Actions" and the "parties' rights are not fully being addressed in the Class Action and PAGA proceedings." (*Id*. at 4.)

On March 31, 2025, Defendants filed their supplemental brief in response to the court's order and asked the court to dismiss the Declaratory Relief Action because "there is no independent case or controversy to be adjudicated in this action." (Doc. No. 33 at 5.) Defendants request, in the alternative, that the court exercise its discretion and decline to entertain the Declaratory Relief Action because "the entirety of the relief he seeks" in the Declaratory Relief Action "is at issue" in the PAGA Action and/or the Class Action. (*Id*. at 8.)

In the PAGA Action, on April 23, 2025, Defendants Tracy, Sacramento Logistics, LLC, and C&S Wholesale Grocers, LLC filed a motion to compel arbitration of Plaintiff's individual PAGA claim and to stay all proceedings pending the resolution of the motion and/or completion of arbitration. (Doc. No. 41.) On January 8, 2026, the court granted the motion to compel arbitration of Plaintiff's individual PAGA claim and stayed the case pending completion of the arbitration proceedings. (Doc. No. 51.) Similar to the Class Action, the court found the C&S MAA to be enforceable against Plaintiff. (*Id*. at 14.)

**LEGAL STANDARD**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . ." 28 U.S.C. § 2201(a). A declaratory judgment action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994); *see Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151. 1157 (9th Cir. 2007) ("When presented with a claim for a declaratory judgment, [] federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion.") (citing *Pub. Serv. Comm'n v. Wycoff, Co.*, 344 U.S. 237, 244 (1952)). "The requirement that a case or controversy exist under the Declaratory Judgment Act is 'identical to Article III's constitutional case or controversy requirement.'" *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (quoting *Kearns*, 15 F.3d at 143). An "actual controversy" exists when

"the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citing *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

If an actual controversy exists between the parties, "the district court must also be satisfied that entertaining the action is appropriate." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). This determination is discretionary, for the Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority." *Id*. (citing *Wycoff, Co.*, 344 U.S. at 250) (J. Reed, concurring); *see Leadsinger, Inc. v. BMG Music Publ'g.*, 512 F.3d 522, 533 (9th Cir. 2008) (affirming the district court's dismissal of a declaratory judgment action and noting that "[f]ederal courts do not have a duty to grant declaratory judgment; therefore, it is within a district court's discretion to dismiss an action for declaratory judgment"). However, the discretion to decline to hear a declaratory action "is not unfettered." *Dizol*, 133 F.3d at 1223. "[A] District Court cannot decline to entertain [a declaratory] action as a matter of whim or personal disinclination." *Id*. (quoting *Pub. Affs. Ass'n. v. Rickover*, 369 U.S. 111, 112 (1962)). Instead, in assessing whether to exercise its discretion to entertain a declaratory relief action, district courts apply the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). *See Kearns*, 15 F.3d at 144 (noting that in *Brillhart*, "[t]he Supreme Court has provided guidance for the exercise of the district court's discretionary decision whether to entertain declaratory relief").

The *Brillhart* factors to be considered by district courts include: (1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *Dizol*, 133 F.3d at 1225. Further, "the *Brillhart* factors are not exhaustive," and courts may also consider whether the declaratory action (a) will settle all aspects of the controversy, (b) will serve "a useful purpose in clarifying the legal relations at issue," (c) will result in "entanglement between the federal and state court systems," or (d) "is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage." *Dizol*, 133 F.3d at 1225, n. 5) (citing *Kearns*, 15 F.3d at 145).

/////

**DISCUSSION**

In his supplemental brief, Plaintiff contends a live controversy exists in the Declaratory Relief Action because the arbitration Defendant initiated in 2023 still remains "open and active" and the questions he raised in his declaratory complaint require "immediate relief." (Doc. No. 32 at 3.) Specifically, Plaintiff contends the following questions require declaratory relief:

> (1) whether a written agreement to arbitrate even exists; (2) whether the Tracy MVAA he purportedly signed is valid and enforceable; (3) whether an arbitrator has jurisdiction to hear claims under PAGA; and (4) whether an arbitrator has the authority to determine that Plaintiff was not employed by any of the Defendants other than Defendant Tracy and that he did not suffer any wage and hour violations during his employment.

(Doc. No. 1-1 at ¶¶ 34–37.)

In essence, Plaintiff requests a judicial declaration that the claims he alleges in the PAGA Action and the Class Action are not subject to arbitration. However, Plaintiff's request has already been addressed by the court. In the Class Action, the court determined that some of his individual claims could be compelled to arbitration. (Doc. No. 36 at 12–14.) Likewise, in the PAGA Action, the court determined Plaintiff's individual PAGA claim could be compelled to arbitration. (Doc. No. 51.) Therefore, the Declaratory Relief Action is unnecessary given the court's orders compelling arbitration in the PAGA Action and the Class Action. *See Permpoon v. Wells Fargo Bank Nat'l Ass'n*., No. 09-cv-01140-H-BLM, 2009 WL 3214321, at *5 (S.D. Cal. Sept. 29, 2009) (holding declaratory relief was "duplicative and unnecessary" when "the declaratory relief Plaintiffs seek is entirely commensurate with the relief sought through their other causes of action"); *Borodaenko v. Twitter, Inc.*, No. 22-cv-07226, 2023 WL 3294581, at *4 (N.D. Cal. May 5, 2023) (granting defendant's motion to dismiss plaintiff's claim under the Declaratory Judgment Act because the claim was "'effectively adjudicated' already" in a separate case).

As noted above, Plaintiff argues in his supplemental brief that the Declaratory Relief Action should still be maintained because the court only compelled arbitration based on the C&S MAA. (Doc. No. 32 at 3.) Specifically, Plaintiff argues the "C&S MAA has a delegation clause which provides the arbitrator the authority to decide arbitrability" and "[s]hould the arbitrator find

that the C&S MAA cannot be enforced, then the Tracy MVAA becomes relevant to determine whether there is an enforceable agreement to arbitrate." (*Id*. at 3.) However, Plaintiff's argument is unavailing because even if the arbitrator finds the C&S MAA cannot be enforced, the question of whether the Tracy MVAA is enforceable can simply be addressed in the PAGA Action and the Class Action. *See McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 343 (9th Cir. 1996) (finding declaratory relief does not serve a useful purpose when "it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein . . .").

In his supplemental brief, Plaintiff also states that this case should not be dismissed because the action "involves significantly more defendants than are in the operative pleadings in the PAGA and Class Actions" and the "parties' rights are not fully being addressed in the Class Action and PAGA proceedings." (Doc. No. 32 at 4.) The court finds Plaintiff's concern unavailing because the parties' rights will be addressed in the PAGA Action, as the Plaintiff's operative complaint in the PAGA Action names the same parties as the Declaratory Relief Action.[2] (*See* Doc. No. 1.)

In light of the PAGA Action and the Class Action, Plaintiff has not shown "that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" in the Declaratory Relief Action. *See MedImmune, Inc.*, 549 U.S. at 127. For these reasons, the court finds no actual case or controversy—that is separate and apart from the controversies that will be decided in the PAGA Action and/or Class Action—exists in the Declaratory Relief Action, and consequently Plaintiff's

[2] In the PAGA Action, on March 25, 2025, Plaintiff filed a first amended complaint that, among other things, amended his original complaint to remove Stockton Logistics LLC, Fresno Logistics LLC, C&S Logistics of Sacramento/Tracy LLC, and C&S Logistics of Fresno LLC as defendants. (Doc. No. 39.) On March 31, 2025, the court directed the Clerk of the Court to strike the amended complaint because Plaintiff had not obtained leave from the court to file the complaint. (Doc. No. 40.) In response, on April 24, 2025, Plaintiff filed a motion for reconsideration, and in the alternative, for leave to amend his complaint. (Doc. No. 43.) However, Plaintiff withdrew the motion on May 7, 2025. (Doc. No. 44.) Thus, the defendants named in the operative complaint in the PAGA action are the same as in the Declaratory Relief Action.

complaint will be dismissed for lack of subject matter jurisdiction.[3] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's complaint for declaratory relief (Doc. No. 1-1) is dismissed for lack of subject matter jurisdiction;
2. Plaintiff's motion to remand (Doc. No. 9) is DENIED as having been rendered as moot by this order; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 29, 2026**

Dena Coggins
United States District Judge

[3] Because the court finds an actual case or controversy does not exist, the court will decline to analyze the factors set out in *Brillhart*, "and its progeny." *Robinson*, 394 F.3d at 669 (9th Cir. 2005) (citing *Kearns*, 15 F.3d at 143–44). The court briefly notes, however, that given the underlying labor code claims at the heart of all three of Plaintiff's separately filed actions, the granting of declaratory relief would not serve "a useful purpose in clarifying the legal relations at issue." *See Dizol*, 133 F.3d at 1225. Moreover, declining to entertain the Declaratory Relief Action would serve to "avoid[] duplicative litigation." *Id.*